FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2021 NOV 19 P 4:51

CAROL L. MICHEL
CLERK

**SEALED**   UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA        **FELONY**

INDICTMENT FOR VIOLATIONS OF THE FEDERAL
CONTROLLED SUBSTANCES ACT AND THE FEDERAL GUN CONTROL ACT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. **21-166** |
| v. | * | SECTION: **SECT. E MAG. 5** |
| ERIC METZ<br>    a/k/a "Easy"<br>JOSHUA MACKEY<br>FREDERICK TURNER<br>CALLEIGH AMOS<br>THEODORE HOLMES, JR.<br>LESLIE PARKER<br>    a/k/a "Lett"<br>KORAL WELLS<br>    a/k/a "Unc"<br>DARON WILLIAMS<br>    a/k/a "Fricky"<br>LONNIE WILLIAMS<br>    a/k/a "Gangster" | *<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>* | VIOLATIONS: 21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 841(b)(1)(C)<br>21 U.S.C. § 846<br>18 U.S.C. § 843(b)<br>18 U.S.C. § 2<br>18 U.S.C. § 922(g)(1)<br>18 U.S.C. § 924(e) |

    *    *    *

The Grand Jury charges that:

### COUNT 1
(Conspiracy to Distribute and Possess with Intent to Distribute
Cocaine Hydrochloride, Cocaine Base, and Methamphetamine)

Beginning at a time unknown but prior to June 8, 2020, and continuing to on or about June 5, 2021, in the Eastern District of Louisiana, the defendants, **ERIC METZ**, a/k/a "Easy,"



**JOSHUA MACKEY, FREDERICK TURNER, CALLEIGH AMOS, THEODORE HOLMES, JR., LESLIE PARKER, a/k/a "Lett," KORAL WELLS, a/k/a "Unc," DARON WILLIAMS, a/k/a "Fricky," and LONNIE WILLIAMS, a/k/a "Gangster,"** did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to distribute and to possess with intent to distribute cocaine hydrochloride, cocaine base ("crack"), and methamphetamine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

<u>Quantity of Controlled Substances Involved in the Conspiracy</u>

With respect to defendant **ERIC METZ, a/k/a "Easy,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is:

(1) a quantity of cocaine hydrochloride, in violation of Title 21, United States Code, Section 841(b)(1)(C);

(2) a quantity of cocaine base ("crack"), in violation of Title 21, United States Code, Section 841(b)(1)(C); and

(3) a quantity of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(C);

With respect to defendant **JOSHUA MACKEY**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other coconspirators reasonably foreseeable to him is:

(1) a quantity of cocaine hydrochloride, in violation of Title 21, United States Code, Section 841(b)(1)(C); and

(2) a quantity of cocaine base ("crack"), in violation of Title 21, United States Code, Section 841(b)(1)(C);

With respect to defendant **FREDERICK TURNER**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other coconspirators reasonably foreseeable to him is:

(1) a quantity of cocaine base ("crack"), in violation of Title 21, United States Code, Section 841(b)(1)(C);

With respect to defendant **CALLEIGH AMOS**, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other coconspirators reasonably foreseeable to her is:

(1) a quantity of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(C);

With respect to defendant **THEODORE HOLMES, JR.**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other coconspirators reasonably foreseeable to him is:

(1) a quantity of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(C);

With respect to defendant **LESLIE PARKER, a/k/a "Lett,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other coconspirators reasonably foreseeable to him is:

(1) a quantity of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(C);

With respect to defendant **KORAL WELLS, a/k/a "Unc,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is:

(1) a quantity of cocaine base ("crack"), in violation of Title 21, United States Code, Section 841(b)(1)(C); and

(2) a quantity of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(C);

With respect to defendant **DARON WILLIAMS, a/k/a "Fricky,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other coconspirators reasonably foreseeable to him is:

(1) a quantity of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(C);

With respect to defendant **LONNIE WILLIAMS, a/k/a "Gangster,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is:

(1) a quantity of cocaine base ("crack"), in violation of Title 21, United States Code, Section 841(b)(1)(C);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2
(Possession with Intent to Distribute Methamphetamine)

On or about June 24, 2020, in the Eastern District of Louisiana, the defendant, **DARON WILLIAMS, a/k/a "Fricky,"** did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a

4

Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 3
(Possession with Intent to Distribute Cocaine Base)

On or about August 23, 2020, in the Eastern District of Louisiana, the defendant, **KORAL WELLS, a/k/a "Unc,"** did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 4
(Possession with Intent to Distribute Methamphetamine)

On or about August 23, 2020, in the Eastern District of Louisiana, the defendant, **KORAL WELLS, a/k/a "Unc,"** did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 5
(Possession with Intent to Distribute Cocaine Base)

On or about August 24, 2020, in the Eastern District of Louisiana, the defendant, **LONNIE WILLIAMS, a/k/a "Gangster,"** did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 6
(Use of a Communication Facility)

On or about June 20, 2020, in the Eastern District of Louisiana, the defendants, **ERIC METZ, a/k/a "Easy," and THEODORE HOLMES, JR.,** did knowingly and intentionally use a communication facility, to wit, a telephone, in committing, causing and facilitating the commission of a violation of Title 21, United States Code, Section 841(a)(1), that is, distribution and possession with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

## COUNT 7
(Use of a Communication Facility)

On or about June 23, 2020, in the Eastern District of Louisiana, the defendants, **ERIC METZ, a/k/a "Easy," and LESLIE PARKER, a/k/a "Lett,"** did knowingly and intentionally use a communication facility, to wit, a telephone, in committing, causing and facilitating the commission of a violation of Title 21, United States Code, Section 841(a)(1), that is, distribution and possession with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

## COUNT 8
(Use of a Communication Facility)

On or about August 16, 2020, in the Eastern District of Louisiana, the defendants, **ERIC METZ, a/k/a "Easy," and CALLEIGH AMOS,** did knowingly and intentionally use a communication facility, to wit, a telephone, in committing, causing and facilitating the commission of a violation of Title 21, United States Code, Section 841(a)(1), that is, distribution and possession with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

## COUNT 9
(Use of a Communication Facility)

On or about November 30, 2020, in the Eastern District of Louisiana, the defendants, **FREDERICK TURNER** and **JOSHUA MACKEY,** did knowingly and intentionally use a communication facility, to wit, a telephone, in committing, causing and facilitating the commission of a violation of Title 21, United States Code, Section 841(a)(1), that is, distribution and possession with intent to distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

## COUNT 10
(Felon in Possession of a Firearm)

On or about the August 18, 2020, in the Eastern District of Louisiana, the defendant, **ERIC METZ, a/k/a/ "Easy,"** knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: a conviction on or about April 11, 2007, in the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana, under case number 04-3629, for possession with intent to distribute cocaine, in violation of LA. R.S. 40:967; a conviction on or about March 6, 2013, in the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana, under case number 12-03555, for possession with intent to distribute a Schedule II controlled substance, in violation of LA. R.S. 40:967; and a conviction on or about June 8, 2016, in the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana, under case number 15-02905, for possession with intent to distribute a Schedule I controlled substance, in violation of LA. R.S. 40:966, did knowingly possess, in and affecting commerce, firearms, to wit: a Ruger Model SR45 semi-automatic pistol, bearing serial number 380-58255, and an American Tactical Model Omni Hybrid Maxx 5.56 / .223 caliber pistol, bearing serial number NS249822, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

## NOTICE OF FORFEITURE

1. The allegations of Counts 1 through 10 of this Indictment are incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2. As a result of the offenses alleged in Counts 1 through 10, the defendants, **ERIC METZ, a/k/a "Easy," JOSHUA MACKEY, FREDERICK TURNER, CALLEIGH AMOS, THEODORE HOLMES, JR., LESLIE PARKER, a/k/a "Lett," KORAL WELLS, a/k/a "Unc," DARON WILLIAMS, a/k/a "Fricky," and LONNIE WILLIAMS, a/k/a "Gangster,"** shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained directly or indirectly as the result of said offense, and any property used or intended to be used in any manner or part to commit or to facilitate the commission of said offenses.

3. As a result of the offense alleged in Count 10, the defendant, **ERIC METZ, a/k/a "Easy,"** shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in the commission of said offenses, including but not limited to the following:

> Ruger model SR45, semi-automatic pistol, bearing serial number 380-58255;
>
> Tactical model Omni Hybrid Maxx, 5.56/.223 caliber pistol, bearing serial number NS249822.

4. If any of the above-described property, as a result of any act or omission of the defendants:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third person;
>
> c. has been placed beyond the jurisdiction of the Court;
>
> d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendants up to the value of said property.

A TRUE BILL:

DUANE A. EVANS
UNITED STATES ATTORNEY

DAVID HOWARD SINKMAN
Assistant United States Attorney

J. BENJAMIN MYERS
Assistant United States Attorney

New Orleans, Louisiana
November 19, 2021

9

FORM OBD-34

No. _____

# UNITED STATES DISTRICT COURT

Eastern  District of  Louisiana

_____ Criminal _____ Division

# THE UNITED STATES OF AMERICA

vs.

ERIC METZ a/k/a "Easy", JOSHUA MACKEY,
FREDERICK TURNER, CALLEIGH AMOS,
THEODORE HOLMES, JR., LESLIE PARKER a/k/a "Lett",
KORAL WELLS a/k/a "Unc", DARON WILLIAMS a/k/a "Fricky",
LONNIE WILLIAMS a/k/a "Gangster"

# INDICTMENT FOR VIOLATION OF THE FEDERAL CONTROLLED SUBSTANCES ACT AND THE FEDERAL GUN CONTROL ACT

VIOLATION: 21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 846
18 U.S.C. § 843(b)
18 U.S.C. § 2
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(e)

_____
A true bill

_____
Foreperson

Filed in open court this _____ day of _____ A.D.
2021. _____
                   Clerk

Bail, $ _____

_____
David Howard Sinkman
Assistant United States Attorney